## MARY GUIN v. MIRICK ET AL.

The master of a minor servant is chargeable with notice of such lack of capacity as is usual among minors of the same age to understand and appreciate the perils to which he is exposed in the course of his employment, and the burden of proving a greater capacity than this is upon the master.

HOSEA, J.

This demurrer raises the question whether in an action against an employer for injuries to an employe by reason of using a defective and consequently dangerous machine, the employe must allege that he notified the master of the facts and continued in the service on the faith of a promise that he would remedy the defects; or if defects were unknown, that they were such as could have been provided against, by exercise of ordinary care and prudence on the part of the master.

The general rule, subject to the above limitation, is that the servant, by the terms of his employment, is presumed to assume the risks of such injuries from accident as **are**

incident to the nature and character of the employment and against which the master could not, in the exercise of ordinary care, have protected him.

In the present case, the negligence alleged was the failure to provide a proper guard, as part of a machine, which guard is commonly employed on such machines. Presumably, therefore, the defect was visible, and known to both employe and employer; and, ordinarily, therefore, there could be no recovery unless the employer promised to remedy the existing defect, on the faith of which promise the employe continued to use the machine. 49 O. S., 598.

But in this case, it is averred that the employe was of *"young and immature years, and this fact was known to the employer;"* and this, in effect, presents an allegation that the negligence of the employer consisted in putting the minor servant to work at a dangerous and defective machine knowing it to be such; and the question would be whether the servant knew of the defect; that is, whether the youth and immaturity of the plaintiff—who sues by her next friend—was such that she was not capable of knowing or appreciating the dangerous condition.

It is well settled that the rule limiting the liability of masters applies to minor servants. That is to say, that the mere fact of minority will not vary the rule, if the minor had capacity to take care of himself, and knows and can properly appreciate the risk. But it is also settled that incapacity of a minor to understand and appreciate the perils to which he is exposed by the employment, even if he nominally knew them—if they were such that a right-minded person would not have allowed him to be exposed to—constitutes an exception to the rule.

The master of a minor servant is chargeable with notice of such lack of capacity as is usual among minors of the same age, if his age is or ought to be known to the employer; and the burden of proving a greater capacity than this is upon the master. (Sherman & Redfield on Negligence, Section 218.)

The only doubt in this case arises from the fact that the allegation is confined to the fact of minority, except that the expressions used imply an immaturity of years, which implies corresponding want of capacity. While a fuller statement would have been desirable, as a matter of pleading, it may be held by fair intendment to tender an issue.

Demurrer overruled.

*Chas. L. Hopping,* for the demurrer.

*Bates & Meyer,* contra.

